### JOSEPH CHIPMAN *v.* N. D. SHANE.

Contracts for Purchase of Personal Property—Rescission for Fraud—Tender.

It being the duty of a vendor of a horse, to disclose to a purchaser its true condition, when asked as to the soundness, and the vendee, upon discovering the fraud and misrepresentation, made a tender of the horse and money back, the vendor cannot be held to complain of an enforced rescission of the contract.

APPEAL FROM BRACKEN CIRCUIT COURT.

June 22, 1868.

The instructions referred to in the opinion of the court are as follows, to wit:

For plaintiff: "If the jury believe from all the evidence in this cause that the plaintiff and defendant traded horses and each delivered to the other the animals so traded, and that the defendant, without the knowledge and consent of plaintiff, took from the possession of plaintiff his mare, then they will find for plaintiff, and in their verdict ascertain and fix the amount claimed in the petition."

Refused for defendant: "If the jury believe from all the evidence that the plaintiff and defendant traded horses, and plaintiff at the time of the trade fraudulently represented the horse to be sound and a good plow horse to defendant, he knowing him to be unsound and incapable of doing good service as a plow horse, and the horse was unsound and not a good plow horse, and defendant tendered back the horse and money in a reasonable time, he had a right to reclaim his mare, and they must find for defendant."

From a verdict and judgment for plaintiff, defendant appeals.

OPINION OF THE COURT BY JUDGE PETERS:

If it were not the duty of appellee to disclose to the appellant the true condition of the horse which he exchanged with him for the mare, knowing, as he did ,that he was unsound, and of no value, he is without legal excuse for affirming, when appellant asked him if he was a good plow horse, that he was. He was weak in the back, or loins as the evidence shows, and could not be used, as a plow horse, nor for any other service, on that account. For the misrepresentation, and fraud therefore of appellee, appellant was entitled to a rescission of the contract, having tendered the horse and money back so soon as he discovered the fraud. Consequently the instruction which was given on motion of appellee, was erroneous. And the one asked by appellant should have been given.

Wherefore, the judgment is *reversed,* and the cause remanded with directions to set aside the verdict, and award a new trial, and for further proceedings not inconsistent with this opinion.

*Menzies and Furber, for appellant.*